FILED
5/31/2017 4:02:28 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

**citcml sac1**

FCAUSE NO. **2017CI09952**

| | | |
|---|---|---|
| LAS BRISAS TOWNHOMES, <br> Plaintiff, | § § § | IN THE DISTRICT COURT |
| v. | § § § | **166** JUDICIAL DISTRICT |
| WESTERN HERITAGE INSURANCE COMPANY | § § § § § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, LAS BRISAS TOWNHOMES, files this Original Petition against Defendant, WESTERN HERITAGE INSURANCE COMPANY ("WESTERN HERITAGE"), and for causes of action would respectfully show the Court the following:

#### I. DISCOVERY LEVEL

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3.

On November 30, 2016, the Court issued its Standing Pretrial Order Concerning Bexar County Residential Hail Claims which may apply to this case. (See Ex. 1).

#### II. VENUE

Venue is appropriate in Bexar County, Texas because all or part of the conduct giving rise to the causes of action were committed in Bexar County, Texas and Plaintiff and property which is the subject of this suit are located in Bexar County, Texas.

#### III. PARTIES

Plaintiff's principal place of business is in Bexar County, Texas.



Defendant WESTERN HERITAGE is in the business of insurance in the State of Texas. The insurance business done by WESTERN HERITAGE in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with Plaintiff;

- The taking or receiving of application for insurance, including Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiff.

Defendant, WESTERN HERITAGE INSURANCE COMPANY, is an eligible surplus lines insurer whose home office/principal business office is located at 9200 East Pima Center Parkway, Suite 350, Scottsdale, AZ 85258, and who will notice suit to Anthony Washington, President, Western Heritage Insurance Company, 9200 East Pima Center Parkway, Suite 350, Scottsdale, AZ 85258, **and may be cited with process by Certified Mail Return Receipt Requested to the Texas Commissioner of Insurance, 333 Guadalupe, Austin, Texas 70701.**

### IV. NATURE OF THE CASE; RELIEF SOUGHT

This is a first-party insurance case stemming from extensive damage to Plaintiff's property from a wind/hail event on or about April 12, 2016. Plaintiff seeks damages for breach of contract, violations of the Texas Insurance Code, and common law bad faith. Plaintiff also seeks its attorney's fees, statutory penalties, costs of court and pre- and post-judgment interest. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000.

## V. BACKGROUND FACTS

Plaintiff owns the insured property located at 102-175 Caleta Beach, San Antonio, Texas 78232. The property is covered by a policy of insurance, numbered SCP1050211, issued by Defendant WESTERN HERITAGE, to Plaintiff ("the Policy"). The Policy covered Plaintiff's property against loss by hail, wind and water damage, among other perils.

As a consequence of the wind and hail, Plaintiff's property sustained extensive damage on or about April 12, 2016.

Plaintiff gave timely notice to the carrier.

The carrier assigned the claim to adjusters to investigate, report on and adjust the loss.

Plaintiff provided information to the adjusters and opportunities for the adjusters to inspect the Residence.

Defendant has failed and refused to pay Plaintiff in accordance with its promises under the Policy. Specifically, Defendant underpaid the claim by approximately $1,252,895.44. In addition, Defendant violated the Prompt Payment of Claims Act, Texas Ins. Code § 542.055 *et. seq.* Considering the underpayment in this case, the amount in controversy is more than $1,000,000.00.

## VI. CLAIMS AGAINST WESTERN HERITAGE INSURANCE COMPANY

**Declaratory Judgment.** Plaintiff re-alleges the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy provide coverage for the cost to repair the damaged property and personal property, less only a deductible, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against Defendant.

**Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of Defendant and its agents constitute a breach and/or anticipatory breach of Defendant's contract

with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, additionally or in the alternative, Plaintiff brings an action for breach of contract against Defendant pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seek all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

**Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Defendant was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Defendant and its agents constitute one or more violations of the Texas Insurance Code. More specifically, Defendant has, among other violations, violated the following provisions of the Code:

1. Insurance Code chapter 542, the Prompt Payment Act.

2. Insurance Code chapter 541, section 541.060 by, among other things:

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claims with respect to which their liability has become reasonably clear;

- refusing to pay Plaintiff's claims without conducting a reasonable investigation.

Where statements were made by Defendant, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code. Defendant has also violated the Prompt Payment Act, and Plaintiff seeks 18% damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

"**Common Law Bad Faith.**" Plaintiff re-alleges the foregoing paragraphs. The Insurance Defendant has refused to pay or delayed in paying a claim after liability has become reasonably clear. The Insurance Defendant has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiff. This constitutes a breach of its common law duty of good faith and fair dealing' *i.e.*, it is acting in "bad faith."

Moreover, the Insurance Defendant has "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, and Plaintiff is entitled to extra-contractual damages, including exemplary damages. Plaintiff has sustained serious damage to their property as a result of the Insurance Defendant's refusal to honor the Policy. The Insurance Defendant is well aware that its actions involve an extreme risk that Plaintiff will suffer financial damage as a result of its refusal to honor its obligations, yet it is consciously indifferent to Plaintiff's rights. Plaintiff is entitled to recover its actual damages, consequential damages, punitive damages, and pre- and post-judgment interest.

## VII. CONDITIONS PRECEDENT

All conditions precedent for Plaintiff to recover under the Policy has been or will be met.

## VIII. JURY DEMAND

Plaintiff requests that a jury be convened to try the factual issues in this action.

## IX. REQUEST FOR DISCLOSURE

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant provide the information required in a Request for Disclosure.

## X. REQUESTS FOR PRODUCTION

Produce the complete claim file for Plaintiff's property relating to or arising out of the loss made the basis of this suit.

Produce the complete underwriting file for Plaintiff's property which is the subject of this suit.

Produce all emails, notes, and other forms of communication between Defendant, its agents, adjusters, employees, or representatives relating to, mentioning, concerning or evidencing Plaintiff's property which is the subject of this suit.

Produce the application for insurance and any notes, logs, statements or inspections created or produced during the application process of the Policy at issue in this suit.

## XI. PRAYER

WHEREFORE, Plaintiff seeks the following relief:

A.  The Court's declaration that the Policy provides coverage for the damage to the Residence, less only a deductible;

B.  Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C.  Damages against Defendant for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

D.  Damages against Defendant for violations of the Texas Insurance Code, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

E. Damages against the Insurance Defendant, for breach of the duty of good faith and fair dealing, including actual damages, consequential damages, punitive damages and pre- and post-judgment interest;

F. Penalty in the amount of 18% damages for violations of the Prompt Payment Act; and

G. Any other relief to which Plaintiff would be justly entitled to.

Respectfully submitted,

*/s/ Matthew R. Pearson*

MATTHEW R. PEARSON
State Bar No. 00788173
mpearson@gplawfirm.com
JONATHAN C. LISENBY
State Bar No. 24072889
jlisenby@gplawfirm.com
GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 472-1111
Facsimile: (210) 472-1110

**ATTORNEYS FOR PLAINTIFF**

**68880**

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| **BEXAR HAIL** | § | |
| | § | **BEXAR COUNTY, TEXAS** |
| **RESIDENTIAL** | § | |
| | § | |
| **CLAIM LITIGATION** | § | CIVIL JUDICIAL DISTRICT COURTS |

## STANDING PRETRIAL ORDER CONCERNING
## BEXAR COUNTY RESIDENTIAL HAIL CLAIMS

This order applies to pretrial matters in residential property insurance cases filed in the District Courts of Bexar County, Texas that involve insurance disputes arising from the hail storms occurring in Bexar County in April and May of 2016. The purpose of this order is to expedite pretrial matters, discovery and mediation in order to minimize court costs and litigation expenses.

This order shall be posted on the Bexar County District Clerk website and shall be attached to the Original Petition of applicable cases. All attorneys and parties should endeavor to notify others about this order.

Parties seeking to be excused from any part of this order must set a hearing and request relief from the court.

**AUTOMATIC ABATEMENT** – The filing of an original answer by the residential insurance carrier shall trigger an immediate and automatic abatement. The case shall remain abated until 30 days after a mediation impasse.

The abatement period will apply to all court ordered deadlines and Rule 190 discovery deadlines. The abatement period will not apply to the deadlines in this order or to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to those discovery requests will not be due until 30 days after the end of the abatement period.

**MEDIATION** – The parties shall agree to a mediator and to a mediation date. An Agreed Mediation Order, in the form attached, shall be filed with the court within 100 days after the answer is filed.

Within 15 days of an unsuccessful mediation, the parties will submit a proposed Agreed Scheduling Order to the court.

**DISCOVERY** – Within 60 days of the filing of an answer by the residential insurance carrier, the parties will use their best efforts to exchange information and documentation pertaining to the residence, including the following: expert reports, engineering reports, estimates of damage or repairs; contents lists for contents damage claim(s); photographs; repair receipts or invoices; the non-privileged portions of the residential insurance carrier and adjusting company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the insurance carrier; a copy of the insurance policy in effect at the time of the respective storm claim(s); and the non-privileged portions of the underwriting file. If the insurance carrier is not in possession of the adjusting company's/adjuster's claims file, and the adjusting company/adjuster is not named as a party in the lawsuit and represented by separate counsel, then the


EXHIBIT Page 8 of 17

insurance carrier shall seek the adjusting company's claims file and use their best efforts to exchange this information within the 60 day time period. The insurance carrier is also ordered to notify the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the hail storm claim in litigation shall be preserved and not destroyed. Finally, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges asserted.

Any expert reports, engineering reports, contractor estimates or any other estimates of damages or repairs obtained pursuant to this order for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for mediation purposes only and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. However, if a consultant whose report is produced for mediation, is designated as a retained testifying expert and does not produce a subsequent report for use at trial, the mediation report shall not remain confidential.

Confidential reports and estimates are only confidential for the lawsuit in which they are being used. Confidential expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein, provided that a subsequent report is produced. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same residential insurance carrier.

Once a mediation date and mediator are agreed to by all parties, the residential insurance carrier shall be permitted to inspect the residence involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the residential insurance carrier and other defendants may re-inspect the residence with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

Signed on November 30, 2016

_____
Michael Mery, Judge
37th District Court

_____
Stephani Walsh, Judge
45th District Court

_____
Antonia Arteaga, Judge
57th District Court

_____
David A. Canales, Judge
73rd District Court

**68880**

_____
John D. Gabriel, Jr., Judge
131st District Court

_____
Renée Yanta, Judge
150th District Court

_____
Laura Salinas, Judge
166th District Court

_____
Cathleen Stryker, Judge
224th District Court

_____
Peter Sakai, Judge
225th District Court

_____
Richard Price, Judge
285th District Court

_____
Sol Casseb III, Judge
288th District Court

_____
Karen H. Pozza, Judge
407th District Court

_____
Larry Noll, Judge
408th District Court

_____
Gloria Saldaña, Judge
438th District Court

3

**68880**

**68880**

## AGREED MEDIATION ORDER

Pursuant to the Standing Pretrial Order Concerning Bexar County Residential Hail Claims, the parties agree to the following mediation date and mediator:

Date: _____

Mediator: _____

The court, hereby, approves and orders the above date and mediator as agreed by the parties.

Each side shall pay an equal portion of the mediation fee.

All parties must have in attendance a representative with full authority to enter into a final settlement agreement. The following shall be personally in attendance at the mediation until excused by the mediator:

1. An attorney of record for each party, unless the party is self-represented.

2. All individual parties, either plaintiff or defendant, except that individual defendant adjusters and insurer employee defendants are not ordered to attend so long as a representative with full authority to negotiate and settle on their behalf is present.

3. A representative of each non-individual party, unless the parties agree otherwise in writing.

Signed and entered on _____, 2016.

_____
Judge Presiding

**68880**